UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SAMUEL IMANUEL WEBB #156113,

    Plaintiff,    Case No. 1:11-cv-475

v.    Honorable Paul L. Maloney

PATRICIA L. CARUSO et al.,

    Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a former state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed, in part because it fails to state a claim, and in remaining part because it is duplicative of another action pending before the Court.

**Background**

Plaintiff Samuel Imanuel Webb was discharged from the Michigan state prison system in July 2010. He sues the following individuals: Jennifer Granholm, the former Governor of the State of Michigan; Patricia L. Caruso, the former Director of the Michigan Department of Corrections (MDOC); Michael Cox, the former Michigan State Attorney General; and Monica Stafford, a dentist treating prisoners at the Riverside Correctional Facility.

Before filing his complaint in the instant action, Plaintiff filed a similar complaint in a separate action in December 2005. *See Webb v. Caruso et al.*, No. 1:06-cv-3 (W.D. Mich.).[1] In that complaint, Plaintiff alleged that he had received inadequate medical care at the Riverside Correctional Facility. In particular, he alleged that Defendant Stafford refused to treat him for an infection in his mouth and that she gave him a shot with an unclean hypodermic needle which caused him to become infected with Hepatitis C. In that action, he named Caruso, Cox, and Stafford as defendants.

On February 22, 2006, Judge Richard Alan Enslen entered an order dismissing the complaint. The claims against Defendants Caruso and Cox were dismissed for failure to state a claim and the claim against Defendant Stafford was dismissed because Plaintiff had not exhausted his administrative remedies. The Court of Appeals for the Sixth Circuit affirmed this order in part as to Defendants Caruso and Cox, and vacated it in part as to Defendant Stafford. *See Webb v. Caruso*, No. 06-2411 (6th Cir. June 5, 2007). When the Sixth Circuit issued its mandate, however, the matter was administratively closed, even though Plaintiff's claims against Defendant Stafford remained pending and there was no final judgment in that case. Plaintiff filed several pleadings in

---

[1] The complaint was filed in 2005 in the Eastern District of Michigan, but it was transferred to the Western District of Michigan in 2006. Thus, the Court will refer to that action as the "2006 matter."

that action that were rejected by the Court because the action was closed.  Since that time, however, the 2006 matter has been reopened by the Court.

Plaintiff filed his complaint in the instant matter in May 2011.  His complaint references the 2006 matter, and it appears that he intends to use the instant action as a vehicle for pursuing his previously-filed claims.  (*See* Compl. at 5, docket #1.)  He also names the same defendants, Cox, Caruso, and Stafford, and rather than restating his allegations regarding the medical care received at the Riverside Correctional Facility, he refers to the allegations stated in his complaint and brief filed in the 2006 matter.  (*Id.*)

The instant action is not entirely identical to the 2006 matter, however.  Plaintiff names an additional Defendant, Jennifer Granholm, and sets forth new allegations, namely, that: he was improperly transferred to the Huron Valley Correctional Facility; he was unlawfully harassed with "top-lock" and loss of privileges; he was unlawfully placed on "double-OO" status; and, his law library and telephone privileges were restricted, which limited his access to the courts. (Compl. at 6.)  In addition, it appears that Plaintiff intends to use the instant action to recover benefits from the Social Security Administration and/or the Veterans Administration, as the complaint makes several references to these organizations.[2]  Finally, it appears that Plaintiff intends to bring this action on behalf of additional parties, including "all those similarly situated in the MDOC," Juston Austin Cooke Webb, and Samuel Imanuel Webb, Jr.  (*Id.* at 1.)

As relief, Plaintiff seeks monetary damages in the amount of $2,500,000 and injunctive relief.  (*Id.* at 6.)

---

[2] For instance, the "Jurisdiction" section of the complaint states (verbatim):  "This CaSE Does also Include Fed. Cases No(s) No. (97-140) in the U.S.C.V.A. & 92 20 000 at the Level of the WASHINGTON BOARD OF VETERANS APPEALS in Washington D.C."  (Compl. at 3.)

**Discussion**

I.   Proper plaintiff

The Court notes that Plaintiff's complaint attempts to name multiple additional parties as plaintiffs. To the extent other parties intend to pursue the claims raised by Plaintiff, they must submit pleadings on their own behalf. All unrepresented parties must personally sign pleadings that are filed with the Court. FED. R. CIV. P. 11(a); *see Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978) ("One purpose of Rule 11 is to assure that persons who are named as plaintiffs in an action actually assent to the filing of the action on their behalf."). Only Plaintiff's signature appears on the complaint, however. Moreover, Plaintiff cannot pursue claims on behalf of other prisoners because he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Finally, as a layman, Plaintiff may only represent himself with respect to his individual claims; he may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991). Accordingly, the Court considers Plaintiff Samuel Imanuel Webb (Sr.) to be the only proper plaintiff in this matter.

II.   Frivolous claims

To the extent Plaintiff intends to pursue his original claims from the 2006 matter in the instant action, those claims will be dismissed because they should be addressed in that other action. Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo.*

*River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Calif. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

Furthermore, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See*, *e.g.*, *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims").

The 2006 matter remains pending, and though Defendants Caruso and Cox were dismissed from that action for lack of personal involvement, Plaintiff's claim that Defendant Stafford provided inadequate medical care at the Riverside Correctional Facility remains to be adjudicated in that matter. Thus, to the extent Plaintiff intends to use the instant action to pursue claims against Defendants Caruso, Cox, and Stafford that have already been raised in the 2006 matter, those claims will be dismissed as frivolous. Plaintiff should proceed in the 2006 action with respect to those claims.

### III.  Failure to state a claim

The instant action is not entirely identical to the 2006 action because Plaintiff states new allegations that are unrelated to his medical-treatment claim. He also names Defendant Granholm as an additional party. To the extent Plaintiff raises new claims in the instant action, these

claims will be dismissed for failure to state a claim.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. § 1915(e)(2)).

Moreover, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a

person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Apart from the allegations regarding the provision of medical care by Defendant Stafford at the Riverside Correctional Facility, which are the subject of the 2006 action, Plaintiff fails to identify any involvement by Defendants in any other allegations stated in the body of the complaint. Plaintiff does not allege, for instance, that any of the named Defendants were involved in his placement in "top-lock," his transfer to another prison facility, his placement on "double-OO" status, the restriction of his library or telephone privileges, or the withholding of benefits due to him from the Social Security Administration or the Veterans Administration. In other words, setting aside the duplicative allegations that have already been raised in the 2006 action, the other allegations fail to state a claim for relief because they do not suggest any unlawful conduct by any of the named Defendants. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50 (2009); *Twombly*, 550 U.S. at 555 (2007).

Furthermore, to the extent Plaintiff sues Cox, Caruso, and Granholm for their supervisory role or authority over any of the conduct alleged in the complaint, he cannot state a claim on this basis alone. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not sufficient to impose liability, and supervisory liability cannot be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. There is no allegation in the complaint that Defendants Cox, Caruso, or Granholm engaged in any active unconstitutional behavior. Thus, all claims against them, including claims that were not raised in the 2006 action, must be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), in part because it is frivolous, and in part because it fails to state a claim. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   July 14, 2011                             /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   Chief United States District Judge